UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 18-63328-tmr13 |
| Jonathan Todd Abrahamsen | ) | |
| Nicole Susanne Abrahamsen | ) | [ONLY FOR CHAPTER 13 CASES] |
| | ) | DEBTOR'S ATTORNEY'S DISCLOSURE |
| | ) | OF COMPENSATION AND ANY |
| | ) | EMPLOYMENT AGREEMENT, AND |
| | ) | APPLICATION FOR COMPENSATION, |
| Debtor(s) | ) | UNDER 11 USC §329 AND FRBP 2016(b) |

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☒ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

☐ **SCHEDULE 1:** The total fee request is $__________ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $__________ ($4,750 maximum) and expenses of $__________ for a total of $__________.
☐ Debtor ☐ (specify) ____________________ has paid $__________, leaving $ __________ to be paid through the plan.

☒ **SCHEDULE 2**: Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:

☐ (a) a flat fee (i.e., requiring no itemization) of $__________ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

☒ (b) an estimated total fee of $ 3,450.00 and expenses of $ 350.00 . Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered, attached to LBF 1306, must be filed with the court not less than one week prior to the final confirmation hearing.

☒ Debtor ☐ (specify) ____________________ has paid $ 1,000.00 , leaving $ 2,800.00 to be paid through the plan.

**SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to fee arrangements as follows:

☐ Debtor ☐ (specify) ________________________________ has paid $____________, leaving $ ____________ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected;(b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details):

I further certify that on **11/9/18** a copy of this document was served on the debtor(s) and trustee.

DATED: **11/9/18**

**/s/ Alan G. Seligson; OSB #883095**
Debtor's Attorney

# ATTORNEY EMPLOYMENT AND FEE AGREEMENT
(Chapter 13)

I, **Jonathan Todd Abrahamsen and Nicole Susanne Abrahamsen** , (hereinafter "Client") hereby retain Alan Seligson of ALAN G. SELIGSON, P.C. (hereinafter "Attorney"), as my attorney to represent me, and I authorize him to act on my behalf in all matters relating to: **Chapter 13 Bankruptcy.**

1. **BASIS OF ATTORNEY'S FEES**. For legal services rendered in the above-entitled matter, I promise to pay attorney's fees of $**300.00** an hour for each hour of attorney time spent and billed. Legal assistant time will be billed at the rate of $100.00 an hour. The hourly rates stated are subject to reasonable periodic increase; but they will not be increased more than once a calendar year.

2. **CLIENT'S PAYMENT OF COSTS.** All costs in connection with the matter shall be paid by Client as they are incurred. "Costs" are in addition to the attorney's fees described above, and include filing fees, photocopy expenses at 15¢ per page, long distance telephone charges at 10¢ per minute, incoming "fax" charges at 25¢ per page, deposition charges, necessary travel expenses, appraisal fees, expert witness fees, service fees, postage and any other out-of-pocket expenses related to the case at actual cost. Client agrees to reimburse Attorney for any costs advanced.

3. **RETAINER FEE DEPOSITS**. Client agrees to make initial and additional retainer fee deposits, for attorney's fees and costs, when and as requested by Attorney, including, for example, advance payment of attorney fees prior to the filing of the bankruptcy petition. CLIENT UNDERSTANDS AND AGREES THAT ATTORNEY WILL PERFORM NO SERVICES FOR CLIENT ON THIS MATTER UNTIL ALL RETAINER FEES REQUESTED BY ATTORNEY HAVE BEEN DEPOSITED BY CLIENT. An advance payment in the sum of **$1,000.00** is to be paid by **October 16** , **2018**, **(including $310.00 for filing fee to be paid to the Bankruptcy Court)**. The retainer fee shall be deposited to Attorney's Lawyer Trust Account and applied to costs advanced; any balance may be applied to attorneys' fees due as they are earned, subject to the following:

(a) Attorney may be required to submit an itemization of fees and expenses to the Bankruptcy Court for approval if they exceed the amount of the anticipated total cost of the Chapter 13 Bankruptcy, currently estimated at **$3,450.00 plus $350.00 costs** (including the $310.00 filing fee to be paid to the court). The court will approve payment of only the actual attorney's fees and costs incurred up to confirmation of the Chapter 13 Plan, and the reasonable amount by which attorney's fees and costs exceed the original estimate after notice to client and all interested parties.

(b) Should additional fees arise during the process of preparing the bankruptcy documents before filing, the estimated fee in paragraph 3(a) above may be subject to revision to be consistent with the Attorney Disclosure form and Chapter 13 Plan filed with the Bankruptcy Court.

The above-described retainer is not an estimate of fees Attorney will incur in connection with my bankruptcy case, but simply the amount required to be paid as a retainer before significant activity is commenced on my behalf.

4. **TERMINATION OF ATTORNEY-CLIENT RELATIONSHIP**. Client shall always retain the right at any time to terminate Attorney's services on Client's behalf by delivery of a signed letter notifying Attorney of the termination of the Attorney-Client relationship. Client shall remain liable for all attorney's fees incurred and costs advanced through the time and date of Attorney's receipt of such notice of termination, as well as any fees reasonably and necessarily incurred thereafter to protect Client's interest. Similarly, Attorney shall retain the right to withdraw as Attorney for Client at any time, for any reason (subject to Court approval, if required), including but not limited to nonpayment of attorney's fees and costs advanced when due. CLIENT SPECIFICALLY UNDERSTANDS AND AGREES THAT ATTORNEY IS WILLING AND ABLE TO UNDERTAKE REPRESENTATION OF CLIENT ON THIS MATTER ONLY ON THE BASIS THAT ALL OF ATTORNEY'S BILLS (INCLUDING REQUESTS FOR FURTHER RETAINER FEES OR ADVANCE DEPOSITS) SHALL BE PAID IN FULL WHEN DESIGNATED; AND IF NOT SO PAID, ATTORNEY MAY IN HIS SOLE AND COMPLETE DISCRETION WITHHOLD PERFORMANCE OF FURTHER SERVICES AND BE FREE TO TERMINATE THE ATTORNEY-CLIENT RELATIONSHIP (subject to Court approval, if required). In order to afford Client the opportunity to obtain other representation, Attorney shall not withdraw during or immediately prior to any hearing without written notice to Client.

5. **MISCELLANEOUS PROVISIONS.**

(a) Alan Seligson is the Attorney who will have initial responsibility for the case. However, Client agrees that any other lawyer employed by the Firm of Alan G. Seligson, P.C., may take responsibility for all or any part of the case, and that the decision to involve another attorney or attorneys shall be within the discretion and professional judgment of Mr. Seligson.

(b) Attorney and Client agree that this Agreement, billings, or other information may be disclosed by Attorney, if in Attorney's reasonable judgment, such documents may be helpful to resolve any claim arising from or relating to the subject of this Agreement.

(c) Attorney agrees to use best efforts in representing Client; however, Client acknowledges that Attorney has given no promises or guarantees regarding the outcome of this matter.

**PLEASE READ BOTH PAGES OF THIS DOCUMENT, SIGN BOTH SIGNATURE LINES ON PAGE 2 AND INITIAL HERE:** NA

(d) Attorney does not receive any interest that is earned on Client monies held in trust. In accordance with the rules of the Oregon State Bar Association, any interest earned on Client monies held in trust is paid to the Oregon Law Foundation to improve the administration of justice, promote legal aid to the poor, and promote legal education and research.

(e) I assign to Attorney all funds or property in the possession of Attorney belonging to me, or in which I have an interest, including funds received from any bankruptcy trustee, as collateral security for all amounts owed by me to Attorney. I specifically authorize Attorney to be paid from such funds without further authorization.

(f) **I understand that I should retain copies of my bankruptcy schedules and all notices received from Attorney, the Bankruptcy Court, or the Trustee's Office.** If I request a copy of anything in Attorney's file after my case is closed, I agree to pay a copy and retrieval fee of $75.

Dated this 25th day of October, 2018.

ALAN G. SELIGSON

CLIENT(S)

Jonathan Todd Abrahamsen

Nicole Susanne Abrahamsen

**BILLING INFORMATION**

This is a summary of your billing rights in case of errors or questions about your bill. If you think your bill is wrong, or if you need more information about a transaction on your bill, write Attorney at the address shown on your bill as soon as possible. We must hear from you no later than sixty (60) days after we send you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, you must give the following information: your name and account number, the dollar amount of the suspected error, describe the error, and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about. You do not have to pay any amount in question while we are investigating, but you are still obligated to pay the parts of your bill that are not in question. While we investigate your question, we cannot report you as delinquent or take any action to collect the amount in question. Notice of billing errors can be sent to **Alan G. Seligson P.C., 142 West 8th Avenue, Eugene, Oregon 97401**.

THE FOLLOWING APPLIES only prior to the filing of the Chapter 13 Bankruptcy case and after it is no longer pending:

ALL CHARGES DUE AND PAYABLE ON BILLING. Your account is delinquent if any amount remains unpaid 30 days after the billing date.

A LATE PAYMENT PENALTY, called a FINANCE CHARGE, is added to all delinquent accounts as follows: THE FINANCE CHARGE is computed by using a periodic rate of one and one-half percent (1-1/2%) per month, for an ANNUAL PERCENTAGE RATE of eighteen percent (18%). To determine the FINANCE CHARGE, the periodic rate is multiplied by the balance of the account that had been due for more than thirty (30) days (after deducting payments and/or credits received prior to the billing date). There is a minimum charge of fifty cents ($.50) for balances subject to the FINANCE CHARGE. **You further agree to pay all costs of collection including reasonable attorney fees incurred therein.**

You may pay your entire balance at any time. To avoid the LATE PAYMENT PENALTY (i.e., FINANCE CHARGE), pay your account balance within thirty (30) days of the billing date.

I hereby acknowledge receipt of a copy of this disclosure. I have read it in full, and agree to its terms.

Signed: ______________________ Dated: 10/25/18
Jonathan Todd Abrahamsen

Signed: ______________________ Dated: 10/25/18
Nicole Susanne Abrahamsen